*Exhibit "B"*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| DAVID CATANZARO, | ) | CASE NO. 1:13CV996 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | <u>ORDER</u> |
| | ) | |
| SEAMAN GARSON LLC/LLP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On May 2, 2013, Plaintiff David Catanzaro initiated a legal malpractice action against the Defendants by filing a Complaint in this Court. Catanaro alleges that he suffered damages as a result of the Defendants' "failure to properly represent" him in a patent infringement action that he filed in the Middle District of Pennsylvania, *Catanzaro v. Procter & Gamble,* et al, Case No. 3:09cv2231 (the "Pennsylvania Action"). Specifically, Plaintiff alleges that he was induced to enter into a Patent Purchases, Assignment and Settlement Agreement which caused him to alienate his interest in U.S. Patent No. 6, 026,532 ("the '532 Patent") and give up his interest in a continuation patent, U.S. Patent No. 7, 653,959 ("the '959 Patent"). As part of this settlement agreement, Plaintiff alleges that he was advised by his lawyers to agree to "sell and assign all right, title and interest in the '532 Patent to Church and Dwight" and to grant a non-exclusive use license to Proctor & Gamble and Church & Dwight under the '959 Patent.

Plaintiff alleges that after the parties settled the Pennsylvania Action he continued to bring infringement claims in connection with the '959 patent. Plaintiff alleges that in May 2012, while he was negotiating an infringement claim against Elmer's Products, Inc., ("Elmer") he was

informed by Elmer's attorney that he lost his rights in the '959 Patent. According to Catanzaro, the attorney told him that the '959 Patent had a "Terminal Disclaimer" which rendered his '959 Patent unenforceable because it required that the '532 and '959 Patents be jointly owned. Based on what this attorney allegedly told him, Catanzaro filed the instant malpractice case, contending that Defendants never advised him he would lose the right to enforce his '959 Patent when he settled the Pennsylvania Action.

The Court has determined that this case cannot be litigated in its current posture. Plaintiff Catanzaro is seeking damages from his former counsel for the loss of his '959 Patent rights, alleging that his patent is no longer enforceable due to the Terminal Disclaimer. The problem with this claim is that there has been no judicial determination that Catanzaro cannot enforce the '959 Patent. Defendants maintain that the patent is still enforceable, and until recently, Catanzaro has been enforcing it.

Federal courts cannot issue advisory opinions. *See Bowler v. Young,* 55 F. App'x 187, 188 (4th Cir. 2003) ( "In order for a federal court to exercise jurisdiction over an action, the dispute must satisfy the case or controversy requirement of Article III of the Constitution. A case or controversy exists if the dispute is definite and concrete, touching the legal relations of parties having adverse legal interests. [T]he court may not issue what amounts to an advisory opinion on what the law would be under a hypothetical set of facts."). As part of his case, Catanzaro wants this court to invalidate his '959 Patent, or to hold that he has lost the right to enforce it, but there is nobody in this case who is allegedly infringing his patent and maintaining that Catanzaro has lost his right to enforce it. To be entitled to damages against his former counsel, Catanzaro must demonstrate that he has lost the right to enforce his patent due to Defendants' malpractice in

-2-

connection with the Terminal Disclaimer. Since Defendants maintain that Catanzaro has not lost the right to enforce his '959 Patent, the only way this issue can be decided is through a true adversarial proceeding, one in which the plaintiff (Catanzaro) seeks to enforce his patent, and the defendant (someone using Catanzaro's patent) defends on the basis that Catanzaro has lost the right to enforce it. If Catanzaro prevails in his patent litigation, his malpractice case against his former attorneys evaporates. If a court should determine in the patent litigation that Catanzaro cannot enforce the '959 Patent on some basis other than the Terminal Disclaimer, Catanzaro's malpractice case against his former attorneys also evaporates. If, however, Catanzaro loses his patent enforcement case on the basis of the Terminal Disclaimer, then he has a basis to refile his malpractice case against his former attorneys.

Accordingly, this case is dismissed without prejudice. The Court tolls the statute of limitations as of today for a period of six months (June 12, 2015) to permit Catanzaro to file a patent enforcement action against an alleged infringer. Should Catanzaro file such an action, the tolling of the statute of limitations will remain in place until there is a final judgment in the patent enforcement litigation.


    IT IS SO ORDERED.


                                        /s/ Dan A. Polster    December 15, 2014
                                        Dan Aaron Polster
                                        United States District Judge