

Exhibit "A"

US007653959B1

(12) **United States Patent**
Catanzaro

(10) **Patent No.:** **US 7,653,959 B1**
(45) **Date of Patent:** **Feb. 2, 2010**

(54) **ARTICLE ASSEMBLY**

(76) Inventor: **David Catanzaro**, 626 Penn Ave.,
Mayfield, PA (US) 18433

( * ) Notice: Subject to any disclaimer, the term of this
patent is extended or adjusted under 35
U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/505,791**

(22) Filed: **Feb. 17, 2000**

**Related U.S. Application Data**

(63) Continuation of application No. 08/777,032, filed on
Dec. 30, 1996, now Pat. No. 6,026,532.

(51) Int. Cl.
*A46B 9/04* (2006.01)

(52) **U.S. Cl.** ....................... **15/167.1**; 15/184; 15/143.1;
15/257.01; D4/108; D4/107; D6/534; 248/111;
248/908; 132/308

(58) **Field of Classification Search** ................. D4/104,
D4/107, 108, 125, 126; D6/528, 534; 15/167.1,
15/143.1, 184, 257.01, 146, 246; 248/163.1,
248/188.8, 188.9, 110, 111, 915, 908; 132/308,
132/309; 206/362.3, 349, 457
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| D155,668 | S | * 10/1949 | Zandberg et al. | ............. D4/107 |
| 2,539,035 | A | * 1/1951 | Scanlon et al. | ............... 248/111 |
| D197,309 | S | * 1/1964 | Feverbacher | ................ D4/107 |
| 3,138,813 | A | * 6/1964 | Kaplan | ............ 15/22 |
| 3,140,782 | A | * 7/1964 | Schulte | ............ 248/908 |
| D209,574 | S | * 12/1967 | Zandberg et al. | ............. D4/107 |
| D279,248 | S | * 6/1985 | Oliver | ................ D6/104 |
| 5,269,420 | A | * 12/1993 | Harrison et al. | ......... 206/362.3 |
| 5,353,464 | A | * 10/1994 | Atkins et al. | ............... 15/167.1 |
| 5,444,889 | A | * 8/1995 | Barre | ...................... 15/167.1 |
| D363,166 | S | * 10/1995 | Perrine | ................ D4/104 |
| D369,932 | S | * 5/1996 | Petronio | ................ D6/534 |
| D370,146 | S | * 5/1996 | Petronio | ................ D6/534 |
| D370,147 | S | * 5/1996 | Petronio | ................ D6/534 |
| 5,590,436 | A | * 1/1997 | Wright | .............. 15/105 |
| 5,675,859 | A | * 10/1997 | Barre | ................ 15/167.1 |
| D388,254 | S | * 12/1997 | Schiffer | ................ D4/107 |
| D392,464 | S | * 3/1998 | Jesiolowski | ................ D4/107 |
| D395,757 | S | * 7/1998 | Schiffer | ................ D4/107 |
| 6,015,328 | A | * 1/2000 | Glaser | ................ 15/167.1 |
| 6,026,532 | A | * 2/2000 | Catanzaro | ................ 15/167.1 |
| 6,141,815 | A | * 11/2000 | Harrison et al. | .............. 15/145 |

OTHER PUBLICATIONS

Pictures of SALTON Inc. foot stand, stand includes a copyright mark
of 1990.*
Pictures of SALTON Inc. foot stand, stand was on sale in Mar. 1999.*

* cited by examiner

*Primary Examiner*—Gary K. Graham

(57) **ABSTRACT**

An assembly comprising a toothbrush having a first and sec-
ond end. A stand in the shape of a pair of feet retains the brush
in a vertical position when the stand is placed on a horizontal
surface. For additional support, a base may be incorporated
with the stand.

**8 Claims, 2 Drawing Sheets**







US 7,653,959 B1

| 1 | 2 |

**ARTICLE ASSEMBLY**

This application is a continuation of U.S. Utility Application 08/777,032, filed on Dec. 30, 1996, now U.S. Pat. No. 6,026,532. The earlier filing date of this application is hereby claimed under 35 U.S.C 120.

BACKGROUND OF THE INVENTION

1. Field of the Invention

This application claim benefit to provisional Application 60/009,323 Dec. 28, 1995.

The instant invention relates generally to toothbrushes, but may also find a useful application in other types of methods differing from the type described herein. More specifically it relates to an assembly which may contain a combination of appealing qualities.

2. Description of the Prior Art

There are various advantages in storing a toothbrush in an upright position, and numerous patents have disclosed holders or stands for retaining a toothbrush in a vertical position when placed on a horizontal surface. For instance, U.S. Pat. No. 5,444,889 (Barre) discloses a toothbrush assembly including a toothbrush and a stand for holding the brush. The stand includes a cup portion having a cavity within, wherein the brush handle can be inserted. A pair of legs separate and unattached to one another support and are connected to the cup portion. Further included is a foot for each leg, each foot being connected to the lower end of the leg opposite the cup portion. The feet are also separate and unattached from one another. U.S. Pat. Des. 369,932 and U.S. Pat. Des. 370,147 (Petronio) discloses a toothbrush holder in the shape of a torso having a front and rear portion. The front portion includes a recess extending therethrough, wherein a brush handle can be inserted, Further included, extending from the front portion, is a pair of feet which are separate and unattached from one another. A tail section extends from the rear portion. While these units may be suitable for the particular purpose to which they address, they would not be suitable for the purposes of the present invention as heretofore described.

SUMMARY OF THE INVENTION

A first object of the present invention is to provide an assembly that will overcome the shortcomings of the prior art devices.

A second object is to provide an assembly, comprising a toothbrush having a first and second end, and a stand for receiving the second end of the brush handle therein, thereby retaining the handle in a vertical position when the stand is placed on a horizontal surface.

A third object is to provide an assembly, in which the stand is releasably connected to the toothbrush handle.

A forth object is to provide an assembly, in which the stand is a pair of feet which are positioned together to form a continuous bottom supporting surface and a single heel portion, wherein the single heel portion includes a recess for selectively receiving the second end of the toothbrush handle therein.

A fifth object is to provide an article assembly, in which a base is connected to the bottom side of the foot stand for providing additional stability to the foot stand.

A sixth object is to provide an article assembly, in which the base includes a recess extending therethrough and in alignment with the recess in the foot stand for additionally receiving the receivable end of the article therein, for providing additional stability to the foot stand and article.

A seventh object is to provide an article assembly, that is simple and easy to use.

An eight object is to provide an article assembly, that is economical in cost to manufacture.

Further objects of the invention will appear as the description proceeds.

To the accomplishment of the above and related objects, this invention may be embodied in the form illustrated in the accompanying drawings, attention being called to the fact, however, that the drawings are illustrative only, and that changes may be made in the specific construction illustrated and described within the scope of the appended claims.

BRIEF DESCRIPTION OF THE DRAWING
FIGURES

FIG. 1 is a front exploded perspective view of the assembly according to the present invention.

FIG. 2 is a front exploded perspective view of the assembly according to the present invention showing a base for the stand.

DETAILED DESCRIPTION OF THE PREFERRED
EMBODIMENTS

With regard to FIGS. 1 and 2, the embodiment of the invention drawn shows an elongated handle 1 having a first end 2 a second end 3 and a first and second side. A stand 5 is in the shape of first and second feet 6a and 6b. Each first and second feet 6a and 6b, are elongated to define a toe end and together a common heel end. First and second feet 6a and 6b are joined together and positioned together to form a continuous bottom supporting surface. The heel end of each first and second feet 6a and 6b, is positioned together to form a single heel portion 7. Single heel portion 7 includes a recess 8 extending through a top side thereof and towards a sole thereof for selectively receiving second end 3 of handle 1 therein, thereby retaining handle 1 in a vertical position when stand 5 is placed on a horizontal surface. First and second feet 6a and 6b each include a side surface, the side surfaces intersect one another in a common plane. The toe end of first and second feet 6a and 6b are at an acute angle to one another.

If desired, a base 9 could be connected to a bottom side of stand 5 as shown in FIG. 2. Base 9 may include a recess 10 extending therethrough and in alignment with recess 8 in stand 5 for additionally receiving second end 3 of handle 1 therein, to provide additional stability to handle 1 and stand 5.

It will be understood that each of the elements described above, or two together, may also find a useful application in other types of methods differing from the type described above.

While certain novel features of this invention have been shown and described are pointed out in the annexed claims, it is not intended to be limited to the details above, since it will be understood that various omissions, modifications, substitutions and changes in the forms and details of the device illustrated and in its operation can be made by those skilled in the art without departing in any way from the sprit of the present invention.

Without further analysis, the foregoing will so fully reveal the gist of the present invention that others can, by applying current knowledge, readily adapt it for various applications without omitting features that, from the standpoint of prior art, fairly constitute essential characteristics of the generic aspects of this invention.

US 7,653,959 B1

3

What is claimed is new and desired to be protected by Letters Patent is set forth in the appended claims:

1. An article assembly comprising:

a) an article having a receivable end, and

b) a stand in the shape of first and second feet, each of said first and second feet being elongated to define a toe end and together a common heel end, said first and second feet being joined together and positioned together to form a continuous bottom supporting surface, said heel end of each of said first and second feet being positioned together to form a single heel portion, said single heel portion including a recess extending through a topside thereof and towards a sole thereof for selectively receiving said receivable end of said article therein, thereby retaining said article when said stand is placed on a horizontal surface, said first and second feet each including a side surface, said side surfaces intersecting one another in a common plane.

2. The article assembly as claimed in claim 1, further comprising a base connected to a bottom side of said stand.

3. The article assembly as claimed in claim 2, wherein said base includes a recess extending therethrough and in alignment with said recess in said stand for additionally receiving said receivable end of said article therein.

4

4. The article assembly as claimed in claim 1, wherein said toe end of said first and second feet are at an acute angle to one another.

5. An article assembly comprising:

A stand in the shape of first and second feet, each of said first and second feet being elongated to define a toe end and together a common heel end, said first and second feet being joined together and positioned together to form a continuous bottom supporting surface, said heel end of each of said first and second feet being positioned together to form a single heel portion, said single heel portion including a recess extending through a topside thereof and towards a sole thereof, said first and second feet including a side surface, said side surfaces intersecting one another in a common plane.

6. The article assembly as claimed in claim 5, further comprising a base connected to a bottom side of said stand.

7. The article assembly as claimed in claim 6, wherein said base includes a recess extending therethrough and in alignment with said recess in said stand.

8. The article assembly as claimed in claim 5, wherein said toe end of said first and second feet are at an acute angle to one another.

* * * * *

UNITED STATES PATENT AND TRADEMARK OFFICE
# CERTIFICATE OF CORRECTION

PATENT NO.          : 7,653,959 B1                                    Page 1 of 3
APPLICATION NO.  : 09/505791
DATED                    : February 2, 2010
INVENTOR(S)         : Catanzaro

It is certified that error appears in the above-identified patent and that said Letters Patent is hereby corrected as shown below:

The title page, showing an illustrative figure, should be deleted and substitute therefor the attached title page.

Delete drawing sheets 1-2 and substitute therefor the drawing sheet, consisting of figures 1-2 as shown on the attached page.

Signed and Sealed this

Eighteenth Day of May, 2010

David J. Kappos
*Director of the United States Patent and Trademark Office*

CERTIFICATE OF CORRECTION (continued)                    Page 2 of 3

(12) **United States Patent**                    (10) Patent No.:     **US 7,653,959 B1**
Catanzaro                                        (45) Date of Patent:        **Feb. 2, 2010**

(54) **ARTICLE ASSEMBLY**

(76) Inventor: **David Catanzaro**, 626 Penn Ave.,
Mayfield, PA (US) 18433

( * ) Notice: Subject to any disclaimer, the term of this
patent is extended or adjusted under 35
U.S.C. 154(b) by 0 days.

(21) Appl. No.: **09/505,791**

(22) Filed: **Feb. 17, 2000**

**Related U.S. Application Data**

(63) Continuation of application No. 08/777,032, filed on
Dec. 30, 1996, now Pat. No. 6,026,532.

(51) Int. Cl.
*A46B 9/84* (2006.01)

(52) U.S. Cl. ..................... 15/167.1; 15/184; 15/143.1;
15/257.01; D4/108; D4/107; D6/534; 248/111;
248/908; 132/308

(58) Field of Classification Search .............. D4/104,
D4/107, 108, 125, 126; D6/528, 534; 15/167.1,
15/143.1, 184, 257.01, 146, 246; 248/163.1,
248/188.8, 188.9, 110, 111, 915, 908; 132/308,
132/309; 206/362.3, 349, 457
See application file for complete search history.

(56)                **References Cited**

U.S. PATENT DOCUMENTS

| | | | | | |
|---|---|---|---|---|---|
| D155,668 | S | * | 10/1949 | Zandberg et al. | D4/107 |
| 2,539,035 | A | * | 1/1951 | Scanlon et al. | 248/111 |
| D197,309 | S | * | 1/1964 | Feverbacher | D4/107 |
| 3,138,813 | A | * | 6/1964 | Kaplan | 15/22 |
| 3,140,782 | A | * | 7/1964 | Schulte | 248/908 |
| D209,574 | S | * | 12/1967 | Zandberg et al. | D4/107 |
| D279,248 | S | * | 6/1985 | Oliver | D6/104 |
| 5,269,420 | A | * | 12/1993 | Harrison et al. | 206/362.3 |
| 5,353,464 | A | * | 10/1994 | Atkins et al. | 15/167.1 |
| 5,444,889 | A | * | 8/1995 | Barre | 15/167.1 |
| D363,166 | S | * | 10/1995 | Perrine | D4/104 |
| D369,932 | S | * | 5/1996 | Petronio | D6/534 |
| D370,146 | S | * | 5/1996 | Petronio | D6/534 |
| D370,147 | S | * | 5/1996 | Petronio | D6/534 |
| 5,590,436 | A | * | 1/1997 | Wright | 15/105 |
| 5,675,859 | A | * | 10/1997 | Barre | 15/167.1 |
| D388,254 | S | * | 12/1997 | Schiffer | D4/107 |
| D392,464 | S | * | 3/1998 | Jesiolowski | D4/107 |
| D395,757 | S | * | 7/1998 | Schiffer | D4/107 |
| 6,015,328 | A | * | 1/2000 | Glaser | 15/167.1 |
| 6,026,532 | A | * | 2/2000 | Catanzaro | 15/167.1 |
| 6,141,815 | A | * | 11/2000 | Harrison et al. | 15/145 |

OTHER PUBLICATIONS

Pictures of SALTON Inc. foot stand, stand includes a copyright mark
of 1990.*
Pictures of SALTON Inc. foot stand, stand was on sale in Mar. 1999.*

* cited by examiner

*Primary Examiner*—Gary K. Graham

(57)                **ABSTRACT**

An assembly comprising a toothbrush having a first and second end. A stand in the shape of a pair of feet retains the brush in a vertical position when the stand is placed on a horizontal surface. For additional support, a base may be incorporated with the stand.

**8 Claims, 1 Drawing Sheet**





# FIG.1



# FIG.2

*Exhibit "B"*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **DAVID CATANZARO,** | ) | **CASE NO.  1:13CV996** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DAN AARON POLSTER** |
| | ) | |
| **vs.** | ) | <u>**ORDER**</u> |
| | ) | |
| **SEAMAN GARSON LLC/LLP, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

On May 2, 2013, Plaintiff David Catanzaro initiated a legal malpractice action against the Defendants by filing a Complaint in this Court.  Catanaro alleges that he suffered damages as a result of the Defendants' "failure to properly represent" him in a patent infringement action that he filed in the Middle District of Pennsylvania, *Catanzaro v. Procter & Gamble,* et al, Case No. 3:09cv2231 (the "Pennsylvania Action").  Specifically, Plaintiff alleges that he was induced to enter into a Patent Purchases, Assignment and Settlement Agreement which caused him to alienate his interest in U.S. Patent No. 6, 026,532 ("the '532 Patent") and give up his interest in a continuation patent, U.S. Patent No. 7, 653,959 ("the '959 Patent").  As part of this settlement agreement,  Plaintiff alleges that he was advised by his lawyers to agree to "sell and assign all right, title and interest in the '532 Patent to Church and Dwight" and to grant a non-exclusive use license to Proctor & Gamble and Church & Dwight under the '959 Patent.

Plaintiff alleges that after the parties settled the Pennsylvania Action he continued to bring infringement claims in connection with the '959 patent.  Plaintiff alleges that in May 2012, while he was negotiating an infringement claim against Elmer's Products, Inc., ("Elmer") he was

informed by Elmer's attorney that he lost his rights in the '959 Patent. According to Catanzaro, the attorney told him that the '959 Patent had a "Terminal Disclaimer" which rendered his '959 Patent unenforceable because it required that the '532 and '959 Patents be jointly owned. Based on what this attorney allegedly told him, Catanzaro filed the instant malpractice case, contending that Defendants never advised him he would lose the right to enforce his '959 Patent when he settled the Pennsylvania Action.

The Court has determined that this case cannot be litigated in its current posture. Plaintiff Catanzaro is seeking damages from his former counsel for the loss of his '959 Patent rights, alleging that his patent is no longer enforceable due to the Terminal Disclaimer. The problem with this claim is that there has been no judicial determination that Catanzaro cannot enforce the '959 Patent. Defendants maintain that the patent is still enforceable, and until recently, Catanzaro has been enforcing it.

Federal courts cannot issue advisory opinions. *See Bowler v. Young,* 55 F. App'x 187, 188 (4th Cir. 2003) ( "In order for a federal court to exercise jurisdiction over an action, the dispute must satisfy the case or controversy requirement of Article III of the Constitution. A case or controversy exists if the dispute is definite and concrete, touching the legal relations of parties having adverse legal interests. [T]he court may not issue what amounts to an advisory opinion on what the law would be under a hypothetical set of facts."). As part of his case, Catanzaro wants this court to invalidate his '959 Patent, or to hold that he has lost the right to enforce it, but there is nobody in this case who is allegedly infringing his patent and maintaining that Catanzaro has lost his right to enforce it. To be entitled to damages against his former counsel, Catanzaro must demonstrate that he has lost the right to enforce his patent due to Defendants' malpractice in

-2-

connection with the Terminal Disclaimer. Since Defendants maintain that Catanzaro has not lost the right to enforce his '959 Patent, the only way this issue can be decided is through a true adversarial proceeding, one in which the plaintiff (Catanzaro) seeks to enforce his patent, and the defendant (someone using Catanzaro's patent) defends on the basis that Catanzaro has lost the right to enforce it. If Catanzaro prevails in his patent litigation, his malpractice case against his former attorneys evaporates. If a court should determine in the patent litigation that Catanzaro cannot enforce the '959 Patent on some basis other than the Terminal Disclaimer, Catanzaro's malpractice case against his former attorneys also evaporates. If, however, Catanzaro loses his patent enforcement case on the basis of the Terminal Disclaimer, then he has a basis to refile his malpractice case against his former attorneys.

Accordingly, this case is dismissed without prejudice. The Court tolls the statute of limitations as of today for a period of six months (June 12, 2015) to permit Catanzaro to file a patent enforcement action against an alleged infringer. Should Catanzaro file such an action, the tolling of the statute of limitations will remain in place until there is a final judgment in the patent enforcement litigation.

IT IS SO ORDERED.

*/s/ Dan A. Polster    December 15, 2014*
**Dan Aaron Polster**
**United States District Judge**

-3-